UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-249 (MJD/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S POSITION ON** |
| v. | ) **SENTENCING** |
| | ) |
| DEONTATE LERAIL LEATHERBERRY, | ) |
| | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and William C. Mattessich, Assistant United States Attorney, submits the following sentencing memorandum, requesting the Court impose a sentence of 96 months imprisonment for the defendant's unlawful possession of a firearm after being convicted of a felony. This sentence accounts for the nature and circumstances of the offense, the defendant's criminal history, and previous sanctions the defendant faced.

**I.   BACKGROUND**

Deontate Lerail Leatherberry possessed multiple firearms as a convicted felon before pleading guilty to one count of felon in possession of a firearm in federal court. On August 27, 2020, officers found Leatherberry near reported "shots fired" in Duluth, MN. (ECF No. 55, Presentence Investigation Report "PSR," ¶ 13.) 15 9-millimeter discharged cartridges were found on the ground. (*Id.*) An officer saw Leatherberry's car leaving the scene before parking in a parking lot, where

Leatherberry got out of the car. (*Id.*) Officers found a Taurus handgun in the glove box of the car Leatherberry was driving. (*Id.* ¶ 13.)

The handgun was initially reported stolen. (*Id.* ¶14). The government investigated the incident in order to determine whether to seek an enhancement to the defendant's felon-in-possession charge based on a stolen firearm. (*See* ECF No. 53, Gov. Obj. to Preliminary PSR.) The investigating case agent interviewed the victim of the alleged robbery. Although the alleged victim's statements were facially consistent with his initial police report, the government did not find the statements credible.

Possibly as a result of the inconsistencies in the alleged victim's statements, the Douglas County Attorney declined to bring robbery charges. This fact is not dispositive, as a criminal prosecution would need to be proven by a higher standard than the application of an enhancement in the PSR. However, the decision suggests that the County Attorney did not feel the charge was appropriate or provable even with a victim statement and a recovered firearm.

The defendant's performance on pretrial release was poor. In November 2024, he violated his pretrial release by using cocaine, marijuana, and fentanyl. (PSR ¶ 7.) In December 2024, officers were dispatched to Leatherberry's home when his friend overdosed and subsequently died. (*Id.* ¶ 9). When officers arrived, they found an assault rifle in Leatherberry's home. (*Id.* ¶ 34).

On September 12, 2024, Leatherberry was indicted in the District of Minnesota with Felon in Possession of a Firearm on or about August 27, 2020, in violation of 18

U.S.C. §§ 922(g)(1), 924(a)(2). He was ordered released on September 24, 2024. (PSR ¶ 6.) He violated his conditions of release twice before being detained. (PSR ¶¶ 7-10.) He pleaded guilty to his one-count Indictment pursuant to a plea agreement on February 27, 2024. (ECF No. 44). He also admitted to possessing three or more firearms as part of his relevant conduct, an admission which recognized two additional firearm possessions that were referenced in discovery but not charged in the indictment. (*Id.* ¶ 7.)

## II. THE GUIDELINES RANGE

The parties' plea agreement calculates the sentencing guidelines differently from the PSR. (*See* ECF No. 44, Plea Agm't, ¶ 7, ECF No. 55, ¶ 3). However, the parties and the PSR calculated the same total offense level and criminal history. (PSR ¶ 106.) This is due to the PSR's application of the enhancement for a stolen firearm, whereas the parties assessed a two-level enhancement for three or more firearms. (¶ 106.) Including the adjustment for acceptance of responsibility, these calculations result in a total offense level of 23 and a Criminal History Category of VI, for a guidelines range of 92-115 months. As the parties' plea agreement stipulates to conduct to which Leatherberry admitted and agreed, the government respectfully requests that the Court apply the parties' calculations of the sentencing guidelines.

## III. GOVERNMENT'S SENTENCING RECOMMENDATION

The government's sentencing recommendation of 96 months is sufficient but not greater than necessary to account for the defendant's crime. Such a sentence – squarely within the guidelines range – accomplishes all of the goals of sentencing as required by 18 U.S.C. § 3553(a). First, a 96-month sentence reflects the seriousness

of the defendant's repeated possession and use of firearms. Second, this sentence is a graduated sanction on the defendant given his previous felonies that resulted in a maximum conviction of 48 months in the state system. Finally, this sentence adequately accounts for the defendant's history and characteristics, including the defendant's background and his decision to plead guilty quickly.

### A. A 96-Month Sentence Addresses the Nature and Seriousness of the Offense

A 96-month sentence appropriately accounts for the defendant's repeated firearm possession. In his plea agreement, Leatherberry admitted to possessing three or more firearms as relevant conduct. (ECF No. 44, ¶ 7.) His arrest on the instant charge was in the area of a reported shooting where officers found discharged cartridges. A significant sentence is necessary to address Leatherberry's violation of the law.

### B. A 96-Month Sentence Protects the Public and Deters the Defendant

The government's sentencing recommendation ensures that the defendant will be unable to commit further crimes for a substantial period of time and will be deterred when he is ultimately released from prison. The defendant performed poorly on pretrial release, violating his conditions twice. One of those violations involved an assault rifle found at his house. This behavior suggests that Leatherberry needs incarceration within the guidelines range in order to be prevented from re-offending.

A 96 month sentence will significantly deter Mr. Leatherberry. Although he has an extensive criminal history, his previous longest sentence was 48 months. (PSR ¶ 123.) 96 months represents a graduated sanction for the defendant.

### C. A 96-Month Sentence Accounts for the Defendant's History and Characteristics

Although the government recommends a guidelines sentence, the defendant's history and characteristics suggest that the sentence need not be at the very top of the guidelines to serve the goals of 18 U.S.C. § 3553. First, the defendant accepted responsibility promptly, pleading guilty before filing any pretrial motions. The Court should recognize that important choice in pronouncing its sentence. Second, such a sentence allows for the defendant to access programming that can address his substance use. As noted in the PSR, substance use likely contributed to his criminality and his difficulty abiding by the conditions of his pretrial release.

For the reasons set forth above, the Government recommends that the Court impose a sentence of 96 months' incarceration.

Respectfully Submitted,

Dated: July 2, 2025

JOSEPH H. THOMPSON
Acting United States Attorney

BY: /s/*William C. Mattessich*
WILLIAM C. MATTESSICH
Assistant U.S. Attorney
Reg. No. 0400513